IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Kilowatts Electric Supply, Corp.**

    Plaintiff,

        v.                      CASE NO.

**Kilowatt Depot Corp.**

    Defendant,
_____/

## COMPLAINT

Plaintiff Kilowatts Electric Supply, Corp. (hereinafter "Plaintiff"), sues Kilowatt Depot Corp. (hereinafter "Defendant").

### *PARTIES, JURISDICTION AND VENUE*

1. Plaintiff is a corporation of Florida doing business in the county of Miami Dade, Florida and was incorporated on April 17, 1985.

2. Defendant, is a Florida corporation doing business in the county of Miami-Dade, Florida and was incorporated on April 29, 2011.

3. This is an action for infringement of a federally registered service mark, false description and representations, false designations of origin under the Lanham Act, Title 15, United States Code, Sections 1114 and 1125(a), and the ancillary state causes of action of common law service mark infringement, and unfair competition.

4. Jurisdiction of this Court arises under 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1338, and under the doctrine of pendent jurisdiction over state claims arising from a common nucleus of operative facts.

5. Venue is proper under 28 U.S.C. Sec. 1391(b) and (c) and 18 USC 1965(b).

## *GENERAL ALLEGATIONS*

6. Plaintiff has obtained several trademark registrations in the Principal Register of the U.S. Patent and Trademark Office for *wholesale and retail distribution services for electrical parts* for marks that include the word **KILOWATTS**, as follows:

| Register | Reg. No. | Reg. date | Mark |
|---|---|---|---|
| Federal | 2,705,805 | 04/15/2003 | **KILOWATTS ELECTRIC SUPPLY, CORP and design** |
| Federal | 3,626,300 | 05/26/2009 | **KILOWATTS ELECTRIC SUPPLY** |
| Federal | 3,626,301 | 05/26/2009 | **KILOWATTS** |
| Federal | 3,960,938 | 05/17/2011 | **KILOWATTS ELECTRIC & LIGHTING SUPPLY** |
| Florida | T00000000574 | 05/22/2000 | **KILOWATTS ELECTRIC SUPPLY, CORP. and design** |

Copies of these registrations are attached hereto and referred to as **Exhibit "1"**.

7. Plaintiff's registration No. **2,705,805** for the mark **KILOWATTS ELECTRIC SUPPLY, CORP and design** has become incontestable under Section 15 of the Lanham Act 15 U.S.C. 1065.

8. Plaintiff started using in commerce its trade name, **KILOWATTS ELECTRIC SUPPLY, CORP.** at least as early as 1980 and has used its trade name continuously since 1980.

9. Plaintiff has been using continuously said registered marks in interstate commerce since at least as early as 1980, and continues today to use these marks. Plaintiff has also used the word **"KILOWATTS"** as part of its trade name nationally and internationally, and more

particularly in Miami-Dade county. Plaintiff's marks and trade name are hereinafter referred to as "Plaintiff's Marks".

10. Plaintiff has been continuously offering its services, using Plaintiff's Marks, through advertising and promotional activities thus creating valuable goodwill for Plaintiff's Marks.

11. Defendant started using the word **KILOWATT** for services similar to those offered by Plaintiff and as part of its trade name, and other designations that include the word "**KILOWATT**" which will hereinafter be referred to as the "Infringing Designations".

12. Defendant was aware of the existence of Plaintiff and Plaintiff's Marks before Defendant started using its trade name Kilowatt Depot, Corp. See attached **"Exhibit "2".**

13. Defendant's acts constitute willful infringement of Plaintiff's Marks.

14. Plaintiff has been, and will continue to be, damaged by the acts of Defendants. The goodwill of Plaintiff has been damaged and will continue to be irreparably damaged unless enjoined.

15. There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

## COUNT I
## FEDERAL MARK INFRINGEMENT UNDER 15 U.S.C. 1114

Plaintiff realleges the allegations set forth in paragraphs 1 through 15, inclusive.

16. The use in commerce by Defendant of the Infringing Designations for distribution and sales of electrical products is likely to cause confusion, or cause mistake, or to deceive the public and/or members of the trade in violation of Section 32a of the Lanham Act, 15 U.S.C. 1114a.

3

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 USC 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, lost profits, accounting and treble damages, attorney's fees, interest, costs, and any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF SECTION 43a OF THE LANHAMACT (15 U.S.C. 1125a)

Plaintiff realleges the allegations set forth in paragraphs 1 through 16, inclusive.

17. The above referenced acts constitute misrepresentations under Section 43a of the Lanham Act 15 USC 1125, that are likely to cause confusion as to the source and/or sponsor of the services as if originating from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 USC 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorney's fees, costs, and any other relief the Court deems just and proper.

## COUNT III
## COMMON LAW MARK INFRINGEMENT

Plaintiff realleges the allegations set forth in paragraphs 1 through 17, inclusive.

18. The use and/or advertising of the Infringing Designations by Defendant is likely to cause confusion or mistake among purchasers as to the source and sponsor of Defendant's services with those of the Plaintiff.

19. Defendant's deliberate and willful use and/or advertising of Infringing Designations to identify the same, or related, services is likely to cause confusion or mistake among

purchasers as to the source and sponsorship of the services and such acts of said Defendant constitute common law infringement of Plaintiff's Marks.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant:

    a.    preliminary and permanent injunctive relief;

    b.    compensatory damages and punitive damages;

    c.    accounting and lost profits;

    d.    and any other relief the Court deems just and proper.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

The Plaintiff realleges the allegations in Paragraphs 1 through 19, inclusive, as if fully set forth herein.

20. The conduct of Defendant violates Florida's common law unfair competition laws.

WHEREFORE, Plaintiff requests this Honorable Court to grant:

    a.    preliminary and permanent injunctive relief;

    b.    compensatory damages, punitive or treble damages, attorney's fees, and;

    c.    accounting and lost profits;

    d.    and any other relief the Court deems just and proper.

Respectfully submitted,

**Kilowatts Electric Supply, Corp.**

_____
Alberto Santiago, Vice President




SANCHELIMA & ASSOCIATES, P.A.
Attorneys for **Plaintiff**
235 S.W. Le Jeune Rd.
Miami, Florida 33134
Telephone: (305) 447-1617
Telecopier: (305) 445-8484

By: _____
Jesus Sanchelima, Esq.
FBN 231207